UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JARED ALBA, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-10721 (KM) (CLW) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| | : | |
| Defendant. | : | |

**KEVIN MCNULTY, U.S.D.J.**

I. **BACKGROUND**

Pro se Plaintiff Jared Alba, a pretrial detainee at Essex County Correctional Facility (ECCF), seeks to pursue a civil rights action against the United States. (DE 2.) Plaintiff originally filed his Complaint in the Southern District of New York, which transferred the matter to this Court. (DE 3.) I previously granted Plaintiff *in forma pauperis* ("IFP") status and leave to file an amended complaint. (DE 5.) Having screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I will dismiss it for the following reasons.

II. **LEGAL STANDARD**

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's

1

screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

*Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 Fed.Appx. 144, 145 n.1 (3d Cir. 2009) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under

2

color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (discussing that *Bivens* created a right against federal officials parallel to Section 1983's right to assert a claim against state officials); *see also Collins v. F.B.I*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.").

### III.  DISCUSSION

Plaintiff asserts civil rights claims against the United States pursuant to various statutes and constitutional amendments.[1]  Whatever the legal theory, however, the United States is not subject to suit for constitutional torts, including the civil rights claims Plaintiff seeks to raise, because it is entitled to absolute sovereign immunity.  *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan. 7, 2016).  Plaintiff's civil rights claims against the United States must therefore be dismissed with prejudice.

### IV.  CONCLUSION

For the reasons above, Plaintiff's claims against the United States are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

Date: May 26, 2022

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge

---

[1] I note that this Complaint is one of many boilerplate complaints, identical in every respect save for the plaintiff's name, which the judges of this court have universally dismissed. *See, e.g, Palmer v. United States*, No. CV2111721JXNCLW, 2022 WL 310208, at *3 (D.N.J. Feb. 1, 2022); *Williams v. United States*, No. 221CV503BRMESK, 2021 WL 5356112, at *3 (D.N.J. Nov. 17, 2021).